This is a cause in which the original jurisdiction of this court has been invoked praying a writ of mandamus commanding the Industrial Commission of Ohio to revoke an order dismissing relator's *Page 28 
application for a rehearing, and to grant a rehearing. Relator was injured January 21, 1929, in the course of her employment by the D.L. Auld Company, Columbus, Ohio. Her claim for compensation was allowed by the commission, and temporary total disability was compensated to July 31, 1930. Thereafter no further compensation was allowed or paid, and on September 9, 1930, an order was made denying further compensation, of which relator was notified on September 11, 1930. The relator did not file an application for rehearing within thirty days after the denial of her claim, or take any other action until October 27, 1930, at which time she filed an application for modification of award. That application was not disposed of until June 4, 1931, at which time it was dismissed. On June 10, 1931, the relator filed an application for rehearing, and on June 21, 1931, that application was dismissed.
The foregoing facts are all conceded by the pleadings, though relator pleads certain additional facts, as follows: That the employer wrote a letter to the commission, expressing the belief that the action of the commission was unjust, and requested the commission to reconsider the case and grant a rehearing. Relator further alleges that the records of the commission indicate that the medical department of the commission had recommended that the claim be further investigated, and that the supervisor of claims did make further investigation and an adverse report. We are of opinion that these allegations add nothing to the merits of relator's claims, as they seem only to have been extra precautions taken by the commission to avoid an injustice to the claimant. They seem to have been wholly voluntary and not to have been within the regular procedure of the commission.
The legal question presented by this record is whether an application for modification of award can take the place of an application for a rehearing. A *Page 29 
question of some difficulty might be presented if the application for modification of award had been made within the statutory limitation of time within which an application for rehearing is required to be filed. If it were in fact so worded as to amount to an application for a rehearing, the fact that it was labeled an application for modification of award should not stand in the way of its consideration as an application for rehearing. This application was in all respects one for modification of award without in all respects complying with the rule of the commission governing that character of application. In the nature of things, there is no logic in an application to modify an award when no award has in fact been made. In cases where the commission has exercised its jurisdiction and has made an award, it has continuing jurisdiction under the statute, and may modify that award at any time upon a proper showing. Having continuing jurisdiction under the statute, the commission adopted rule 21, which provides:
"When a claim has been finally disposed of, and an award made, and the claimant or any other interested party as above provided thereafter desires to procure a modification of the findings of the Commission with respect to the award, the claimant or other interested party shall file with the Commission an application for modification of award previously made, which shall state in substance the nature and amounts of awards previously made, and reasons for requesting a modification of the findings. The application should also be accompanied by the proof on which the claimant or other interested party bases the claim for modification."
Notwithstanding the language of the rule, which apparently limits its action to cases where an award has been made, it should also be applicable in all cases where the commission has entertained jurisdiction and denied an award upon any grounds other than a denial *Page 30 
of jurisdiction. Inasmuch as an appeal to the courts can only be made where the denial is on jurisdictional grounds, and an application for a rehearing within thirty days after denial is a jurisdictional prerequisite to such appeal, both of those matters must be resolved in relator's favor before she is entitled to the writ of mandamus. It is apparent from this record that the commission did entertain jurisdiction, and that it awarded full compensation according to its judgment of full compensation appears by the allegations of the petition: "The investigator of the defendant made the investigation and the claim was again heard by the defendant upon said evidence and the reports of the investigator of the defendant and the reviewer of the defendant, together with recommendation of said reviewer and the Medical Department of the defendant, that the application be dismissed for the reason that the claimant had been adequately compensated."
Under these circumstances, the principles declared inState, ex rel. Butram, v. Industrial Commission, 124 Ohio St. 589, 180 N.E. 61, are decisive.
The original award could only be made after the commission had found the fact of employment and injury in the course of employment. This gave the commission jurisdiction. It then ascertained and estimated the compensation for such injury. It later determined that the payments made up to July 31, 1930, amounted to full compensation for that injury. During all this period the commission continued to entertain jurisdiction, and if it erred in judgment in compensating the injury, the claimant is without remedy. The action of the commission is final.
After July 31, 1930, the commission still had continuing jurisdiction under the provisions of Section 1465-86, General Code, and might "from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified." *Page 31 
This enactment could not have been intended to take away all finality to the orders and findings of the commission. Such an interpretation would render an application for rehearing a vain thing.
An application for modification of an award cannot be made the occasion of a complete review of a claim, with the introduction of additional evidence, to determine whether the commission was in error in making the original award. This becomes more emphatically true after a long lapse of time within which the original award of compensation has been fully paid. When an original award has been fully discharged, and the application for modification of award is in the nature of an application for additional compensation, the original award must still be regarded as a finality upon the evidence originally introduced. The "modification or change" under the continuing jurisdiction given by Section 1465-86, General Code, necessarily relates to modified and changed conditions occurring after the original award. It should not under any circumstances be employed as an attempt to introduce additional evidence of facts which had previously been presented to, and passed upon by, the commission. It must be borne in mind that in this case no application was made for rehearing within thirty days from the time of the entry of the order rejecting relator's claim for further compensation.
Her application being in fact one for modification of an award, after payments of compensation upon an award have ceased, under the orders of the commission the award could only be modified upon the ground of changed conditions after the commission had denied further payments on the original award. Any other interpretation of the powers of the commission would destroy the purpose of the Legislature in making an application for rehearing within thirty days a jurisdictional prerequisite to an appeal. Any other interpretation *Page 32 
would make the proceedings before the commission interminable.
The writ will be denied.
Writ denied.
JONES, DAY, ALLEN, KINKADE and STEPHENSON, JJ., concur.
MATTHIAS, J., not participating.