Matthias, J.
 

 This case presents the sole question whether the order of the Industrial Commission, upon which this action is based, is a valid order.
 

 The defendant contends that the order is invalid for the reason that the Industrial Commission was without jurisdiction to reverse its former order, made after hearing, which denied the employee an additional award after finding that the defendant had not violated any specific safety requirement, and to enter in its stead the order upon which the judgment appealed from is based, since the application for rehearing filed by the employee under the provisions of the commission ’s rule 4 had been denied and the 30-day limitation upon such further applications, established by rule 4, had expired prior to the time of the reversal, thereby making the former order of the commission a final determination of the facts therein considered. The defendant contends further that, under the provisions of Section 1465-86, General Code, the continuing jurisdiction granted the Industrial Commission does not extend to the modification of such final orders without additional, evidence of the failure of the employer to comply with any specific safety requirement or of new and changed conditions occurring subsequent to such order.
 

 The plaintiff contends that the Industrial Commis
 
 *34
 
 sion had full jurisdiction to enter the order and to make the additional award, for the collection of which this action is brought, for the reason that continuing jurisdiction is conferred upon the commission by the provisions of Section 1465-86, General Code, subject only, however, to the ten-year limitation therein provided and the requirement that timely application be made for such additional award, as required by Section 1465-72a, General Code. See, also,
 
 State, ex rel. Carr,
 
 v.
 
 Industrial Commission,
 
 130 Ohio St., 185, 198 N. E., 480.
 

 The award of additional compensation for violation of a specific requirement is authorized by Section 35, Article II of the Constitution of Ohio. This provision reads in part as follows:
 

 “Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than 'fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to’ the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and, if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this Constitution.”
 

 
 *35
 
 Section 1465-86, General Code, provides in part as follows:
 

 ‘ ‘ The powers and jurisdiction of the hoard over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded and the commission shall not make any modification, change, finding or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor which is filed after this act becomes effective.' ’
 

 It is to be noted that Rule 4 of the Industrial Commission is cited as establishing the time limitation for the filing of “a motion for a rehearing of the application for additional award,” but it is clear that rule 4 is based upon the above constitutional and statutory provisions and cannot be in conflict therewith so that in the decision of the question presented the provisions of the Constitution and statute must prevail. However, in the absence of such conflict, the rule-making powers granted to the commission by Section 1465-44, General Code, specifically include authority to determine ‘ ‘ the time within which adjudications and awards shall be made. ’
 
 ’
 

 Certain principles heretofore established by decisions of this court may profitably be reviewed. First, in the application of Section 1465-86, General Code, the continuing jurisdiction of the Industrial Commission has been held applicable alike to cases which in
 
 *36
 
 volve compensable injuries and those cases where, in addition to such compensation for injuries, additional awards are sought, based upon the claimed violation of a specific requirement.
 

 In the case of
 
 State, ex rel. Hollo,
 
 v.
 
 Industrial Commission,
 
 121 Ohio St., 312, 168 N. E., 541, this court held:
 

 “While an award made under the Industrial Commission Act for an injury to an employee and an additional award made for violation of a specific requirement causing such injury, are separate and distinct awards, yet, growing out of the same probative facts and affecting the same parties, they are to be regarded as so interdependent that the commission, under the discretion given it by Section 1465-86, General Code, may make such modifications or changes with reference to either of said awards as in its opinion are justified. ’ ’
 

 To the same effect see, also,
 
 State, ex rel. Hammond,
 
 v.
 
 Industrial Commission,
 
 144 Ohio St., 477, 59 N. E. (2d), 745. There can be no doubt now that, in the matter of an additional award for violation of a specific requirement, the jurisdiction of the commission is continuing, under the authority of Section 1465-86, General Code,
 
 supra.
 

 By virtue of the provisions of Section 35, Article II of the state Constitution, the decision of the Industrial Commission in a claim for an additional award for violation of a specific requirement is final. No appeal from such decision is authorized. Where decisions, granting or refusing such awards, have been attacked by proceedings in mandamus, this court has repeatedly held that such decisions will not be set aside in the absence of proof of an abuse of discretion by the commission. See
 
 State, ex rel. Richardson,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 570, 192 N. E., 738;
 
 State, ex rel. Berry,
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 228, 194 N. E., 414;
 
 State, ex rel. Davidson,
 
 v.
 
 Blake,
 
 
 *37
 

 et al., Industrial Commission,
 
 145 Ohio St., 102, 60 N. E. (2d), 664; and
 
 State, ex rel. Howard Engineering & Mfg. Co.,
 
 v.
 
 Industrial Commission,
 
 148 Ohio St., 165, 74 N. E. (2d), 201.
 

 It becomes essential in this case that we consider the difference between an application for compensation for injuries sustained and an application for an additional award based upon the claimed violation of a specific requirement. The characteristics of each of these proceedings are discussed in the case of
 
 State, ex rel. Carr,
 
 v.
 
 Industrial Commission, supra,
 
 at page 188 as follows:
 

 “The action under this provision [an application for additional award for violation of a specific requirement] is in no sense a modification of the previous award, but, on the. contrary, is a new, separate and distinct award, application for which must be filed within the period limited by the statute. In the award made under Section 1465-82, General Code [prescribing the benefits in case of death of an employee], negligence is not a factor. On the other hand, negligence —or rather, failure of the employer to comply with some specific lawful requirement — is the very basis of the additional award sought. The former is only for compensation; the latter is in the nature of a penalty upon the employer. The denial of an award under Section 1465-82, General Code, may be appealed from; but the determination by the commission of the question of the failure of the employer to comply with any specific requirement is final and can be challenged only upon the ground of abuse of discretion.
 

 “Another distinction between the ordinary award and the additional award authorized for violation of a specific requirement is that the former is paid out of the fund while the latter must be paid by the employer. It therefore amounts in a practical way to a claim against the employer, though the amount thereof is fixed and determined by the Industrial Commission.”
 

 
 *38
 
 In the determination by the Industrial Commission that an additional award will or will not be granted, the primary questions presented are, (1) was there a violation of a specific requirement by the employer and (2) did the injury incurred by the claimant result from such violation? In a decision of these questiotis, the commission is bound to consider the evidence submitted, make such investigations as it deems proper or necessary to ascertain the facts, and at the end of such inquiry decide the issue presented. Either there was a violation and a consequent injury as a result thereof, or there was no such violation, or, if there was, no such injury resulted therefrom. The determination by the commission of these facts, whether favorable or unfavorable to the employee, under the provisions of Section 35, Article II of the state Constitution, is final.
 

 By the adoption of rule 4 the Industrial Commission has kept the proceeding in each case open for a period of 30 days after its decision therein is rendered, so that an application for a rehearing may be filed and new and additional evidence may be tendered. This rule has the salutary effect of giving to the parties ample opportunity to fully try out these questions of fact which are determinative of the issues presented.
 

 While the continuing jurisdiction of the Industrial Commission, as above set forth, applies to additional awards as well as the original awards of compensation for injuries sustained, an unlimited authority is not conferred upon the commission and it may not arbitrarily set aside or modify findings and orders as to such additional awards. Such changes or modifications must be predicated upon evidence of new and changed conditions occurring subsequent to the original decision. This rule is well stated in the syllabus in the ease of
 
 State, ex rel. Griffey,
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 27, 180 N. E., 376, which is as follows:
 

 
 *39
 
 “The continuing jurisdiction of the Industrial Commission, under authority of Section 1465-86, General Code, applies only to new and changed conditions occurring after an original award.”
 

 The following statement in the opinion is pertinent:
 

 “An application for modification of an award cannot be made the occasion of a complete review of a claim, with the introduction of additional evidence, to determine whether the commission was in error in making the original award. This becomes more emphatically true after a long lapse of time within which the original award of compensation has been fully paid. When an original award has been fully discharged, and the application for modification of award is in the nature of an application for additional compensation, the original award must still be regarded as a finality upon the evidence originally introduced. The ‘modification or change’ under the continuing jurisdiction given by Section 1465-86, General Code, necessarily relates to modified and changed conditions occurring after the original award. It should not under any circumstances be employed as an attempt to introduce additional evidence of facts which had previously been presented to, and passed upon by, the commission.”
 

 The agreed statement of facts in the instant case discloses that no evidence of new or changed conditions was introduced and the action of the Industrial Commission consisted simply of a reconsideration of a decision previously made by it. By lapse of time that decision had become final.
 

 This court has heretofore considered the extent of the continuing jurisdiction of the Industrial Commission in claims for additional awards based upon the violations of specific requirements. In the case of
 
 State, ex rel. Moore,
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 195, 194 N. E., 370, upon an application having been made, the Industrial Commission awarded the employee 25 per cent additional compensation for
 
 *40
 
 the violation of a specific requirement, but, without written notice to the claimant, the commission discontinued the additional award on the ground that there had been no such violation and ordered that no additional award be paid. The employee sought a writ of mandamus in this court requiring the Industrial Commission to pay such additional award. This court held in a
 
 per curiam
 
 opinion that under Section 35, Article II of the Constitution, the decision of the commission was final and the action of the commission was authorized “under the provisions of Section 1465-86, General Code, which confers continuing jurisdiction upon the Industrial Commission to make modification or change with respect to former findings or orders.”
 

 The procedure of the commission in the
 
 Moore case
 
 was very similar to that presented in this case. However, the petition in mandamus in the
 
 Moore case
 
 pleaded the facts on which the relator claimed that there had been a violation of a specific requirement and asked that a writ be issued compelling the payment of an additional award based on those facts. Concededly the determination of the facts lay within the exclusive jurisdiction of the Industrial Commission, under Section 35, Article II of the Constitution. The refusal to grant the writ appears to have been based upon the refusal of this court to consider or determine factual issues which are solely within the province of the commission. The decision in the
 
 Moore
 
 case, so far as it indicates any power of the commission to vacate such award without any evidence of new and changed conditions subsequent to the original award, is disapproved.
 

 The plaintiff placed its reliance upon the decision of this court in
 
 State, ex rel. New Idea, Inc.,
 
 v.
 
 Blake et al., Industrial Commission,
 
 145 Ohio St., 209, 61 N. E. (2d), 195. In that case the Industrial Commission exercised its continuing jurisdiction under Section 1465-86, General Code, and granted compensation for
 
 *41
 
 further disabilities which had developed subsequent to the original award, even though an application for such further compensation had been denied and the time for appeal had passed. An examination of that case and the cases therein cited discloses that this court has been quite liberal in its interpretation and application of the provisions of Section 1465-86, General Code, to the end that no limitation be placed upon the action of the commission with respect to new developments and changes in the physical condition of an injured employee, and we remain fully in accord therewith.
 

 That the further award in the
 
 New Idea, Inc., case,
 
 was based upon new and changed conditions clearly appears from the following portion of the order of the commission, “the testimony and other proof now in the file clearly reveal that claimant’s Parkinsonionism is the result of his original injury, and had such proof been on file at the time the claim was heard by the commission on September 30,1941, the commission would have allowed the claimant’s motion and granted him further compensation for such disability.”
 

 In the instant case the denial of additional award was after hearing upon the original application therefor and entry of the order which had become final. The commission, from the evidence adduced, having thus decided that there had been no violation of the specific requirement, was without jurisdiction to thereafter enter a contrary decision upon that issue, in the absence of evidence showing some new development or changed condition.
 

 The judgment rendered in the Court of Common Pleas for the amount of such additional award was therefore erroneous.
 

 The judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas, is therefore reversed and the cause is remanded to the Court
 
 *42
 
 of Common Pleas with directions to enter final judgment for the defendant.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart, Stewart and Turner, JJ., concur.
 

 Taft, J., concurs in paragraphs one and three of the syllabus and in the judgment.