Zimmerman, J.
It appears that relator, a carpenter, while working for a contributor to the State Insurance Fund, on August 25, 1948, fell from a scaffold and was injured. His application for compensation was allowed and compensation and medical expenses were paid. Thereafter, on July 24, 1950, relator filed with the commission an application for an additional award on the ground that his employer in erecting and maintaining the scaffold had violated a designated section of the specific safety requirements adopted by the commission relating to building and construction work. An investigation was conducted on such application and the file was then forwarded to the legal department for review. Upon such review a finding was recommended that “from the proof of record * * * claimant’s injury was not caused by employer’s failure to comply with any specific safety requirement. ’ ’ The commission then heard relator’s application and denied it on June 18, 1951. A copy of the order of denial was forthwith mailed to relator.
On October 15, 1951, nearly four months later, relator filed a motion asking for reconsideration of the order of June 18, 1951, and for the first time claimed a violation by his employer of another and different safety requirement. Such motion was denied “for the reason that the same was not filed within the 30-day period prescribed by the commission’s rules.”
Relator persisted and filed a motion for rehearing, which was likewise denied.
The commission, as did the Court of Appeals, takes the position that since the application for an addition *69 al award filed July 24, 1950, was based on the violation of a designated specific safety requirement, since such application was denied June 18, 1951, and since the motion for reconsideration was not filed until October 15, 1951, the commission, in conformity with its rule No. 4, properly denied the rehearing. Such rule in effect places a limitation of 30 days on the filing of a motion for the rehearing of an application for an additional award from the date on which the original order and finding is received by the claimant.
Moreover, the commission contends, and the Court of Appeals held, that relator is also precluded by rule No. 1 of the rules adopted by the commission governing its procedure with respect to claims for additional awards, which rule recites:
“An application for additional award of compensation based upon the claim that the injury * * * resulted because of the failure of the employer to comply with a specific requirement for the protection of the health, lives or safety of employees, must be filed within two years after the date of such injury, * * * setting forth the facts which are the basis of the alleged violation, and the section or sections of the law or code of specific requirements applicable.” (Italics ours.)
It is well established that where by statutory authority an administrative agency such as the Industrial Commission promulgates rules and regulations governing its activities and procedure, such rules are valid and enforceable unless they are unreasonable or in conflict with statutory enactments covering the same subject matter. See Section 1465-44, General Code (Section 4123.05, Revised Code), and Kroger Grocery & Baking Co. v. Glander, Tax Commr., 149 Ohio St., 120, 125, 77 N. E. (2d), 921, 924.
Relator argues further that under the provisions of Section 1465-86, General Code (Section 4123.52, Revised Code), he had the right to amend his original *70 application for a further award by including the additional specific requirement which he asserts was violated by his employer. However, a reading of the statute convinces us that such contention is without merit. See paragraph three of the syllabus in the case of State v. Ohio Stove Co., 154 Ohio St., 27, 93 N. E. (2d), 291.
In considering this case, we must not lose sight of the fact that mandamus is an extraordinary legal remedy; that its function is to command the performance of an act which the law specially enjoins; and that before it may properly issue the relator’s right to such relief must be clear.
The judgment of the Court of Appeals denying the writ is affirmed.

Judgment affirmed.

Wbygandt, C. J., Middleton, Taet, Hart, Stewart and Lamneck, JJ., concur.