Per Curiam.

The basis of this action is the alleged previous annexation to Grandview Heights of the 426 acres included in the 910 acres sought to be annexed to the city of Columbus. Relator contends that the question of annexation to Grandview Heights has become moot; that the board is trying to exercise jurisdiction over territory already annexed to Grandview Heights by including it in territory sought to be annexed to Columbus; that the deposit of the transcript with the clerk of Grandview Heights terminated the jurisdiction of the board over the 426 acres; that the board is without authority to rehear or redetermine a matter upon which it has finally acted; and that the attempted exercise of jurisdiction by rescinding is null and void.
The basic issue to be determined is whether the board had jurisdiction to grant the application for rehearing or recon *460 sideration of the Grandview Heights annexation petition and to reconsider the same. This court is of the opinion that it did.
In State, ex rel., v. Board of Public Service of Columbus, 81 Ohio St., 218, 90 N. E., 389, it was held that the respondent board there, after passing a resolution determining to award a contract to one who was found to be the lowest and best bidder and ordering that a contract be entered into with him, could lawfully rescind such action and refuse to notify such bidder and enter into a contract with him. In the opinion it is stated:
“That rule, well settled by numerous adjudications, is-to the effect that the action of such bodies respecting legislative or administrative matters is not always conclusive and beyond recall, but that they are possessed of inherent power to reconsider their action in matters of that nature, and adopt if need be the opposite course in all cases where no vested right of others has intervened, the power to thus act being a continuing power.”
In National Tube Co. v. Ayres, Aud., 152 Ohio St., 255, 262, 89 N. E. (2d), 129, the authority of the Board of Tax Appeals to entertain a motion for rehearing and set aside its decision was questioned. It is stated in the opinion that “it has been a long established precedent in this state that boards such as the Board of Tax Appeals have control over their decisions until the actual institution of an appeal or the expiration of the time for appeal.”
The holding in State, ex rel. Griffey, v. Industrial Commission, 125 Ohio St., 27, 180 N. E., 376, that the continuing jurisdiction of the Industrial Commission applies only to new and changed conditions occurring after the original award, is based on an interpretation of a statute applying only to the Industrial Commission. See, also, State v. Ohio Stove Co., 154 Ohio St., 27, 93 N. E. (2d), 291.
In the instant case, the board had the statutory power and duty to determine, in the exercise of its sound discretion, whether annexation to Grandview Heights should be granted and had continuing jurisdiction to reconsider its decision until the institution of court proceedings attacking such decision or until the expiration of the time allowed for the institution of such proceedings (Section 709.04, Revised Code).
*461 The board, having denied the petition for annexation of the 426 acres to Grandview Heights, had the jurisdiction to grant the prayer of the petition for annexation of that acreage to Columbus. The correctness or reasonableness of its decision is not before this court.
The writ of prohibition is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Stewart, Taet and Matthias, JJ., concur.
Bell and Herbert, JJ., dissent.