Herbert, J.,
dissenting. This case serves to point up the need for further legislative consideration of the problems presented by the constantly increasing volume of annexation programs.
Here, the Board of County Commissioners rendered its decision on December 18, 1956, and op December 27 certified and delivered the original papers and the transcript of proceedings to the clerk of Grandview Heights. The distinction between the facts here and in the case of State, ex rel., v. Board of Public Service of Columbus, 81 Ohio St., 218, 90 N. E., 389, relied upon in the per curiam opinion, lies in the second paragraph of the syllabus thereof, which states:
“2. Where, after proper advertisement for bids, and bids have been received, a resolution has been duly adopted by such board finding a bidder therein named to be the lowest and best bidder and directing the clerk to notify the bidder of. that fact, but before such notice has been given the resolution is, for reasons by the board deemed sufficient, rescinded and an order made to again advertise for bids, the bid of such bidder being thereby rejected, such rescission and an order will not be treated as an abuse of discretion * * (Emphasis added.)
In the instant case, the Board of County Commissioners of Franklin County had completed its part of the transaction, if it may be called that, when it certified and delivered the transcript to the city of Grandview Heights.
As stated in the per curiam opinion, the correctness or reasonableness of the board’s decision is not before this court. In *462 the interval between the granting of the petition for annexation to Grandview Heights followed by the certification and delivery of the original papers and the transcript of proceedings and the so-called granting of application for rehearing and motion to reconsider on January 29, there was a change of membership of the board, one member having died and his successor having been qualified. It is reasonable to assume, therefore, that, but for this change of membership, there would have been no reversal of the board’s position. In this minority view, such action should not be validated unless clearly authorized by statute.
The cases of State, ex rel. Griffey, v. Industrial Commission, 125 Ohio St., 27, 180 N. E., 376, and National Tube Co. v. Ayres, Aud., 152 Ohio St., 255, 89 N. E. (2d), 129, cited in the per curiam opinion are not persuasive in the writer’s judgment for several reasons. Paragraph one of the syllabus in the Griffey case states:
“1. The continuing jurisdiction of the Industrial Commission, under authority of Section 1465-86, General Code, applies only to new and changed conditions occurring after an original award. ’ ’
That situation did not obtain here. Also, both cases involved decisions of agencies which are quasi-judicial in nature, whereas, a Board of County Commissioners is basically legislative and administrative.
Section 709.07, Revised Code, provides for an attack through the courts on a proposed annexation prior to municipal acceptance rather than for a reconsideration period for a board. If we cannot assume this as the legislative intent, then all that a board would have to do in order to keep all parties concerned in a state of indecision indefinitely would be to revoke a decision respecting an annexation approval on the 59th day thereafter and grant reconsideration.
Terminal points are always desirable in the administration of public business, but it is submitted that the effect of the decision here does not help to accomplish finality in the successive steps in annexation proceedings.
Without attempting to pass upon the discretion or wisdom of the board in its actions'here, we believe it is a safer rule to consider transmission of a certified transcript of annexation ap *463 proval to a municipality to be tbe final act of a Board of County Commissioners unless the Legislature specifically provides for a reconsideration period. Until further legislation, the decision in this case will at least clarify the law of this state with respect to the power of a Board of County Commissioners to reconsider its approval of an annexation application right up until the point of acceptance by the city council of the municipality concerned.
Bell, J., concurs in the foregoing dissenting opinion.