Griffith, J.
The first error assigned by relator is that the respondent erred in failing to find that the employer violated a specific safety requirement, and the second error assigned is that the respondent unlawfully delegated its constitutional duty to decide such applications to others who by the terms of the Constitution of Ohio are not permitted to make investigations and inquiries.
In its answer the respondent avers that the use of a standard guardrail or flush safety cover on the pit would have been impractical, and that it heard and considered the evidence in the file and that adduced by the assistant deputy and determined that relator’s injuries were not caused by a violation of a specific safety requirement.
In the record in this case is the investigator’s report. The last four paragraphs of the report which are pertinent read:
“The claimant was aware of the pit as he had previously visited the new garage in the daytime and had mentioned the pit to others but when questioned by the writer, he stated that he had gone in from the other side and had not fixed in his mind the relationship of this pit and the door which he entered just prior to the accident and this could easily be.
“As previously described, this service pit had a 4-inch high toe board entirely around it, but it did not have a guardrail or equivalent. And in the writer’s opinion it would have been impractical to use one [guardrail] or covers either. This long pit ran along the south wall for its length, with an 8-foot space between its nearest edge and the wall. Part of this space would be taken up by the- trucks, leaving the balance as a passageway along the side of the truck, and floor maintenance was done on the other side of the room.
“Pits for service work are common in garages, especially where large units are involved and have a large safety factor as compared to shops where the vehicles have to be jacked up or raised hydraulicly [sic] and crawling boards are used. For as we know, valves fail and blocking and jacks also fail with resulting serious injuries and/or fatalities. But beyond the use of toe boards to prevent slipping, the affiant has never seen a practical guard on a regular service pit and in the writer’s opinion, the last sentence in sub a, Section 3, Bulletin No. 203, here *378 tofore quoted in this report, applies in this case, i. e., ‘this rule does not apply where operations make it impractical.’
‘ ‘ Conclusion:
“It has already been established that this claimant’s injuries occurred in the regular course of his employment and that he is therefore entitled to all the regular benefits of the regular compensation laws, but that the evidence now in the record is sufficient to establish that this accident did not result from the employer’s failure to comply with Section 3, Bulletin No. 203.”
The respondent heard the facts revealed by this report, and its decision, based on such facts, that there was no violation was final.
The respondent concluded that safety covers or rails are impractical for a truck servicing pit.
Under the Constitution of Ohio, the respondent had full power to determine whether the relator’s injuries were due to Iris employer’s violation of a specific safety requirement. Section 35, Article II of the Ohio Constitution; State v. Ohio Stove Co., 154 Ohio St., 27. See, also, State, ex rel Allied Wheel Products, Inc., v. Industrial Commission, 166 Ohio St., 47.
The second error complained of is that the respondent did not appoint referees to make its investigation.
The investigator appointed by the respondent did sign the report, “Special Investigator,” and the hearing was held before an “Assistant Deputy Legal Admininstrator.”
Does this practice contravene the Constitution?
The constitutional provision that “for the purpose of such investigations and inquiries it may appoint referees” (Section 35, Article II) clothes the respondent with the right to appoint any qualified person to investigate and report the facts and to make recommendations to it as to any alleged violation of a safety requirement. This provision of the Constitution must be reasonably interpreted. Fassig v. State, ex rel. Turner, Atty. Genl., 95 Ohio St., 232.
In State, ex rel. Michaels, v. Morse et al., Industrial Commission, 165 Ohio St., 599, 603, a case involving the question of whether a statute providing for the performance of administrative functions of the Bureau of Workmen’s Compensa *379 tion by tbe administrator was in conflict with Section 35, Article II of tbe Constitution, tbe court stated:
“This [provision of Section 35, Article II, Constitution] is a broad grant of power to establish and to administer the fund without limitation, and laws could be passed providing for the administration of the fund by a board, commission, state official, commissioner or administrator.”
We believe that a “special investigator” and an “assistant deputy legal administrator” may be “a referee.” The term, “referee,” as used in the Constitution must be accorded its ordinary meaning.
In our opinion, there was evidence upon which the respondent’s finding might properly rest, and in this circumstance the determination of respondent became final.
The judgment of the Court of Appeals denying the writ is, therefore, affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, 0’Neill, Herbert and Gibson, JJ., concur.