**[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 1220.]**

**THE STATE EX REL. STATE TEACHERS RETIREMENT BOARD, APPELLEE, *v.* WEST GEAUGA LOCAL SCHOOL DISTRICT BOARD OF EDUCATION ET AL., APPELLEES; GAETANO ET AL.; APPELLANTS.**

**[Cite as *State ex rel. State Teachers Retirement Bd. v. W. Geauga Local School Dist. Bd. of Edn.*, 1999-Ohio-15.]**

*Appeal dismissed as improvidently allowed.*

(No. 98-2383—Submitted October 12, 1999—Decided November 17, 1999.)

APPEAL from the Court of Appeals for Geauga County, Nos. 97-G-2066 and 97-G-2067.

————————————

*Betty D. Montgomery*, Attorney General, *Robert C. Maier* and *Richard C. Scott*, Assistant Attorneys General, for appellee State Teachers Retirement Board.

*John P. Tremsyn*, Geauga County Assistant Prosecuting Attorney, for appellee West Geauga Local School District Board of Education.

*Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.*, and *Jack D. Maistros*, for appellants Mary Ann Gaetano and Catherine Ann Miller.

*Squire, Sanders & Dempsey L.L.P., Gregory J. Viviani* and *Ronald J. James*, for intervening appellee Hawken School.

————————————

{¶ 1} The cause is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., dissents and would affirm the judgment of the court of appeals.

LUNDBERG STRATTON, J., dissents.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} The ultimate issue in this case  is whether the West Geauga Local School District ("West Geauga") must make retirement contributions on behalf of two employees, Gaetano and Miller.  Only persons defined as "teachers" pursuant to R.C. 3307.01(B) are eligible for retirement benefits.

{¶ 3} The State Teachers Retirement Board ("STRB") determined that Gaetano and Miller were "teachers" for the purposes of R.C. 3307.01(B).  Pursuant to this determination, the STRB found that both Gaetano and Miller were entitled to retirement contributions from their employer.  In order to enforce this decision, the STRB filed a complaint seeking a writ of mandamus to compel West Geauga to make contributions for Gaetano's and Miller's retirement benefits.  The trial court rendered judgment in favor of West Geauga.  In effect, the trial court reversed the STRB's decision that Gaetano and Miller were teachers.  The appellate court affirmed.

{¶ 4} Originally, we accepted jurisdiction over this case.  However, the majority now dismisses this case as having been improvidently allowed.  For the following reasons, I would reverse the judgment of the court of appeals and reinstate the decision of the STRB.  Therefore, I dissent.

{¶ 5} R.C. 3307.01(B) states:

"In all cases of doubt, the state teachers retirement board shall determine whether any person is a teacher, and its decision *shall be final*."  (Emphasis added.)

{¶ 6} Where a statute indicates that an administrative decision shall be final, there will be no judicial review of that determination absent an abuse of discretion. See, *e.g.*, *State v. Ohio Stove Co.* (1950), 154 Ohio St. 27, 42 O.O. 117, 93 N.E.2d 291.  Where an agency has "accumulated substantial expertise," it must be given due deference in interpreting statutes within its delegated authority.  *State ex rel. McLean v. Indus. Comm.* (1986), 25 Ohio St.3d 90, 92, 25 OBR 141, 143, 495 N.E.2d 370, 372.  Further, an agency's findings of fact should also be given

deference. *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591, 595.

{¶ 7} The STRB made factual determinations. Under *State ex rel. Mallory v. Pub. Emp. Retirement Bd.* (1998), 82 Ohio St.3d 235, 694 N.E.2d 1356, the STRB is permitted to apply the law to these facts. Therefore, based on the above authority, and finding no abuse of that discretion, I would find that the STRB's decision that Gaetano and Miller were teachers should stand. Accordingly, I would reverse the judgment of the appellate court with instructions for the trial court to reinstate the decision of the STRB.

_____