OPINION
{¶ 1} Appellant, Industrial Commission of Ohio, appeals the judgment of the Seneca County Court of Common Pleas which granted an injunction against Tamara Michaels and the Industrial Commission of Ohio ("Industrial Commission") restraining Michaels from filing any violation of a specific safety requirement ("VSSR") claim relating to the death of Jeremiah Michaels with the Industrial Commission and restraining the Industrial Commission from processing that claim.
 {¶ 2} On September 6, 2001 Jeremiah Michaels died from an injury he sustained during his employment with Palmer Brothers Concrete, Inc. ("Palmer Brothers"). Jeremiah's surviving spouse, Tamara Michaels ("Tamara") filed a *Page 3 
claim with the Ohio Bureau of Workers' Compensation seeking benefits for Jeremiah's death. Additionally, on September 5, 2002 Tamara filed a civil suit that included an intentional tort claim against Palmer Brothers. Finally, on September 4, 2003 Tamara filed an application with the Industrial Commission seeking an additional award for Palmer Brothers' alleged violation of a specific safety requirement.
 {¶ 3} On October 27, 2003 Tamara entered into a "Release of All Claims" with Palmer Brothers. Based on this release, the Industrial Commission initially determined that the terms of the release barred the VSSR application and dismissed the VSSR application by order mailed March 31, 2004. The order termed an "Ex Parte Order" stated:
 Information has been submitted showing that the injured worker and the self-insured employer have settled the underlying claim herrein [sic]. As a result, there is no jurisdiction or basis to continue processing the VSSR application in this claim, and that application is therefore dismissed.
This order was issued pursuant to the direction of a staff hearing officer and the record before this court indicates that a signed copy of the order is contained in the records of the Industrial Commission.
 {¶ 4} A second order was mailed June 15, 2004. In this sua sponte order the Industrial Commission, based on its claim of continuing jurisdiction, found the *Page 4 
dismissal to have been in error and reinstated the VSSR application in another "Ex Parte Order" providing:
 Based on the continuing jurisdiction of the Industrial Commission, it is found that the Ex Parte Order typed 03/26/2004, and mailed 03/31/2004, was issued in error. Proof on file does not show that the parties have settled the underlying claim, and in fact, the employer herein is state funded, not self-insured.
 The VSSR application filed 09/04/2003 is reinstated, and is referred for further routine processing.
As before, this order was issued pursuant to the direction of a staff hearing officer and the record before this court indicates that a signed copy of the order is contained in the records of the Industrial Commission.
 {¶ 5} As a result, on January 3, 2005 Palmer Brothers filed a complaint seeking a preliminary and permanent injunction to stop reinstatement of the VSSR application, and a declaratory judgment under R.C. 2721.03 that the release precluded the same. On February 8, 2005 the Industrial Commission filed an answer. On April 13, 2005 the matter was heard on Palmer Brothers' motion for a preliminary injunction. The parties agreed that the VSSR application would be held in abeyance pending the outcome of the matter.
 {¶ 6} Palmer Brothers filed a Motion for Judgment on the Pleadings on May 13, 2005 wherein they requested that the court enter judgment in their favor, *Page 5 
and find that the release settled all claims. Also requested was an order from the trial court directing the Industrial Commission to dismiss the VSSR claim.
 {¶ 7} On July 7, 2005 the trial court found the October 27, 2003 release signed by Tamara Michaels was for ". . . any and all claims, demands, actions and causes of action, costs, loss and expense of every nature and description, including those now known or unknown, as a result of damages sustained on or about September 6, 2001 . . ," and granted Palmer Brothers' motion for an injunction.
 {¶ 8} The Industrial Commission subsequently appealed this decision to this Court.[1] This Court dismissed the Industrial Commission's appeal for lack of jurisdiction, as the trial court's judgment entry was not a final appealable order.[2] The trial court issued another judgment entry on August 3, 2006 granting the requested injunction. This case was also dismissed for want of jurisdiction because the trial court's judgment was not a final appealable order.[3]
 {¶ 9} On remand the trial court issued its judgment on May 1, 2007. The trial court found that
 1. The reasons for issuance of an injunction against defendant Tamara Michaels and Industrial Commission of Ohio are as follows: *Page 6 
 a. This court declares that defendant Tamara Michaels contracted with plaintiff to release plaintiff of all claims in connection with the death of decedent Jeremiah Michaels.
 b. The contract, "Release of All Claims," was entered into while the VSSR claim for an additional award was pending. As such, the court declares that the parties intended to release the pending VSSR claim even though the contract does not explicitly mention the pending VSSR claim.
 c. As per the Broskey Rule the defendant, Tamara Michaels can not settle a claim for work-related injuries with the decedents employer and release the employer of all claims pursuant to that injury, and then attempt to pursue a VSSR claim to obtain a further award for the same injuries (citation omitted).
 2. The respective rights and obligations of the parties are as follows:
 a. The defendant, Tamara Michaels, is forbidden and restrained from filing a VSSR claim that would be related to the death of Jeremiah Michaels.
 b. The defendant, Industrial Commission of Ohio, is forbidden and restrained from processing a VSSR claim that would be related to the death of Jeremiah Michaels.
 c. The court denies any request for attorney fees.
 {¶ 10} The Industrial Commission now appeals asserting three assignments of error.
 ASSIGNMENT OF ERROR I THE COURT BELOW ERRED BY HOLDING THAT A SETTLEMENT IN COMMON PLEAS COURT OF AN INTENTIONAL TORT CASE CAN INCLUDE THE SETTLEMENT OF A VSSR CLAIM WITHOUT THE APPROVAL OF THE OHIO INDUSTRIAL COMMISSION. *Page 7 
 ASSIGNMENT OF ERROR II THE COURT BELOW ERRED BECAUSE IT IS WITHOUT JURISDICTION TO ISSUE A DECLARATORY JUDGMENT AND INJUNCTION WHERE, AS HERE, SPECIAL STATUTORY PROCEEDINGS WOULD BE BYPASSED. State ex rel. Albright v. Delaware Cty. Ct. of Common Pleas (1991), 60 Ohio St.3d 40; State ex Rel. Taft-O'Connor `98 v. Franklin Cty. Ct of Common Pleas (1998), 83 Ohio St.3d 487.
 ASSIGNMENT OF ERROR III THE COURT BELOW ERRED BECAUSE SETTLEMENT OF ANY WORKERS' COMPENSATION CLAIM, INCLUDING A VSSR CLAIM, WITHOUT APPROVAL BY THE OHIO INDUSTRIAL COMMISSION IS VOID AS A MATTER OF LAW UNDER REVISED CODE 4123.80.
 {¶ 11} The Ohio Supreme Court has previously addressed the constitutional authority for an additional award based on a VSSR claim.
 Section 35, Article II of the Ohio Constitution provides for the granting of an additional award over and above the standard workers' compensation benefits where the claimant's injury or death is found to have been caused by the employer's violation of a specific safety requirement of the commission. The workers' compensation premium does not cover the additional award. The VSSR is an award paid by the employer directly. Thus, a VSSR award is not a modification of a previous award, but is a new, separate, and distinct award. State ex rel. Curry v. Indus. Comm. (1979), 58 Ohio St.2d 268, 269, 12 O.O.3d 271, 272, 389 N.E.2d 1126, 1128.
State ex rel. Newman v. Indus. Comm., 77 Ohio St.3d 271, 272,673 N.E.2d 1301, 1997-Ohio-62. Moreover, Section 35, Article II gives the Industrial Commission original jurisdiction over VSSR claims. *Page 8 
 {¶ 12} More specifically, a VSSR is an additional award beyond the standard workers' compensation benefit that can be claimed where an employer has violated a specific safety requirement as articulated in Ohio Administrative Code in 4121:1.[4] The procedures for filing and determining a VSSR claim are articulated in OAC 4121-3-20. In delineating the procedure for instituting a VSSR claim, OAC 4121-3-20 provides that
 (A) An application for an additional award of compensation founded upon the claim that the injury, occupational disease, or death resulted from the failure of the employer to comply with the specific requirement for the protection of health, lives, or safety of employees, must be filed, in duplicate, with the commission, within two years of the injury, death, or inception of disability due to occupational disease. The commission shall make available a form with which an application for an additional award by reason of a violation of a specific safety requirement may be made. Such applications should set forth the facts which are the basis of the alleged violation and shall cite the section or sections of the law or code of specific safety requirements which it is claimed have been violated. Such applications shall contain the claim number assigned by the bureau to the claim for compensation or benefits under Chapters 4123. and 4131. of the Revised Code.
 {¶ 13} It is apparent from reading OAC 4121-3-20 that a claimant must file a VSSR application. A VSSR application cannot be sua sponte raised by the Industrial Commission. This is further evidenced by OAC 4121-3-20(C)(l)(a) *Page 9 
which allows a claimant or their representative to amend a VSSR application within two years of the date of injury, disability, or death.
 {¶ 14} We now turn to the propriety of the Industrial Commission's order of dismissal mailed on March 31, 2004, and purported order of reinstatement of the VSSR claim mailed seventy-six days later on June 15, 2004. The Industrial Commission argues that both of these orders fall within their continuing jurisdiction. With respect to the Industrial Commission's continuing jurisdiction after the adjudication of a claim we note that R.C. 4123.52 states in pertinent part that:
 The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *
However, the Industrial Commission's continuing jurisdiction over claims has been limited.
 {¶ 15} In considering continuing jurisdiction, "[the Ohio Supreme Court] held in State, ex rel. Griffey, v. Indus. Comm. (1932),125 Ohio St. 27, 180 N.E. 376, paragraph one of the syllabus, that the continuing jurisdiction of the Industrial Commission applies only to new and changed conditions occurring after the original award." State ex rel.Manns v. Industrial Com'n of Ohio (1988), 39 Ohio St.3d 188,529 N.E.2d 1379. *Page 10 
 {¶ 16} More recently, the Ohio Supreme Court has considered the grant of continuing jurisdiction under R.C. 4123.52 finding that
 The commission's power to reconsider a previous decision derives from its general grant of continuing jurisdiction under R.C. 4123.52. State ex rel. Royal v. Indus. Comm. (2002), 95 Ohio St.3d 97, 99, 766 N.E.2d 135. This authority, of course, has limits. State ex rel. B C Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538, 541, 605 N.E.2d 372. Revised Code 4123.52 has, however, been limited in its application. Continuing jurisdiction can be invoked only where one of these preconditions exists: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal. State ex rel. Nicholls v. Indus. Comm. (1998), 81 Ohio St.3d 454, 459, 692 N.E.2d 188.
State ex rel. Gobich v. Indus. Comm. (2004), 103 Ohio St.3d 585, 587,817 N.E.2d 398, 2004-Ohio-5990.
 {¶ 17} In the present case, the Industrial Commission contends that there was a mistake of fact and a mistake of law in their initial order. However, nothing exists in the record before this Court to indicate whether Palmer Brothers was a state-funded or a self-insured employer. Moreover, it is also unclear on the record whether any of the funds used in settling the VSSR claim would come from the state insurance fund. The use of funds from the state insurance fund is a prerequisite to requiring the Industrial Commission to approve a settlement. OAC 4121-3-20(F)(l). Without this information, we cannot say that a mistake of fact occurred. Moreover, even if a mistake of fact or law did occur, the Industrial Commission's modification was still untimely. *Page 11 
 {¶ 18} We acknowledge that under normal circumstances, the commission has the right under R.C. 4123.52 to exercise its discretionary review power sua sponte. "It has inherent power to reconsider an order for a reasonable time after it is issued, unless restricted by statute or administrative regulations, regardless of whether an appeal from the order is provided by statute." State, ex rel. Gatlin, v. Yellow FreightSystem, Inc. (1985), 18 Ohio St.3d 246, 480 N.E.2d 487, at syllabus.
 {¶ 19} In Gatlin, the Ohio Supreme Court considered the idea of a "reasonable time" for the commission to exercise its continuing jurisdiction. Prior to the decision in Gatlin, the court had "allowed the commission to reconsider its orders absent a statutory or regulatory provision contra, `until the actual institution of an appeal therefrom or until the expiration of the time for such an appeal [under R.C. 4123.519].'" Id. at 249 citing State, ex rel. Prayner, v. Indus.Comm. (1965), 2 Ohio St.2d 120, 121, 206 N.E.2d 911 [31 O.O.2d 192]. In determining the appeal period the court found that
 [t]he rationale for authorizing reconsiderations, even absent express statutory authority, was stated in [Todd v. General Motors (1981), 65 Ohio St.2d 18, 417 N.E.2d 1017], as follows:
 In State, ex rel. Borsuk, v. Cleveland (1972), 28 Ohio St.2d 224, 277 N.E.2d 419 [57 O.O.2d 464], paragraph one of the syllabus, this court articulated the well-established principle that an administrative board or agency has jurisdiction to reconsider its decisions until the actual institution of a court appeal therefrom or until expiration of the time for appeal. See, also, Diltz v. *Page 12 Crouch (1962), 173 Ohio St. 367, 182 N.E.2d 315 [19 O.O.2d 312]." Cf. Indus. Comm. v. Dell (1922), 104 Ohio St. 389, 135 N.E. 669, paragraph one of the syllabus.
 {¶ 20} Moreover, the Gatlin Court noted and reaffirmed theTodd syllabus which specifies that:
 The decision of staff hearing officers made pursuant to R.C. 4121.35(B)(6), on an appeal to the Industrial Commission taken under R.C. 4123.516 from the order of a regional board of review, may be vacated by the commission and the matter may be ordered set for rehearing before the commission until actual institution of a court appeal or the expiration of the 60-day appeal period provided in R.C. 4123.519."
Todd, 65 Ohio St.2d 18 at syllabus. In sum, the court established that where decisions of the Industrial Commission may be appealed to the court of common pleas, the commission has sixty days in which to choose to modify those orders.
 {¶ 21} However, in Gatlin, like the present case, the court was faced with determining the Industrial Commission's right to reconsider a disability determination which was not appealable. The Commission had vacated an award upon what was construed by the Industrial Commission as a motion for rehearing. The Gatlin Court noted that the lack of appeal remedies available in that case should not preclude the Industrial Commission from exercising its own internal review powers and therefore concluded that the Industrial Commission may reconsider its own decisions for a reasonable period of time. Gatlin, 18 Ohio St.3d at 250. However, the Court ordered the Industrial Commission to *Page 13 
promulgate its own rules to establish the time limits for such reconsideration, stating
 To avoid future actions concerning what constitutes a reasonable period of time to apply for reconsideration and how to perfect such a review, we encourage the commission, in the interest of fairness to claimants and employers, to forthwith promulgate rules pursuant to its rulemaking powers under R.C. 4121.11.
 {¶ 22} As a result, the Industrial Commission adopted Industrial Commission Resolution 05-1-02 which states in pertinent part:
 A. A party to a claim who desires to file a request for reconsideration of a Industrial Commission decision must file the request for reconsideration within fourteen days from the date of receipt of:
 1. An order issued by the members of the Industrial Commission;
 2. A final order issued by a staff hearing officer except for an order issued by a staff hearing officer under Section 4121.35(B)(2) and Section 4123.511(D) of the Ohio Revised Code; or
 3. An order issued pursuant to Section 4123.511(E) of the Ohio Revised Code refusing to hear an appeal from a decision of a staff hearing officer issued under Section 4123.511(D) of the Ohio Revised Code.
 {¶ 23} Based on Resolution 05-1-02, the Industrial Commission's own rules governing its practice and procedure, a person seeking reconsideration of a decision must do so within fourteen days of the date of receipt of the order issued. As the Industrial Commission correctly points out in its brief, no request for reconsideration was filed in this case. Therefore, reinstatement of the claim did *Page 14 
not occur under the Industrial Commission's continuing jurisdiction to consider a request for reconsideration, as articulated in the Industrial Commission's own guidelines.
 {¶ 24} Finally, we turn to the rules specifically articulated for the rehearing and modification of a VSSR claim. When a VSSR claim has been heard and determined, a party may seek rehearing of the decision within thirty days of receipt of the order. See OAC 4121-3-20(E); State, exrel. Bailey v. Indus. Comm. (1991), 62 Ohio St.3d 191, 580 N.E.2d 1081. No appeal of a VSSR claim may be instituted in the court of common pleas. State ex rel. BC Machine Co. v. Indus. Comm. (November 26, 1991), 10th Dist. No. 90AP-624.
 {¶ 25} Although decided under former General Code Section 1465-86,[5] State v. Ohio Stove Co. (1950), 154 Ohio St. 27,93 N.E.2d 291, is still instructive on the limitations of the Industrial Commission to modify VSSR claims. In Ohio Stove Co., the Industrial Commission had conducted a hearing on a VSSR claim and entered a judgment in favor of the employer. After the order was entered, and the thirty day time period for rehearing had run, the Industrial commission granted an additional award to the employee. The Industrial Commission argued that jurisdiction to modify the VSSR award was conferred by G.C. 1465-86. Id. at 33. *Page 15 
 {¶ 26} The Ohio Stove Court held that once a VSSR determination was made, and the time period for rehearing had run, the judgment became final. Id. at 41. The court further held that this was in fact, not a modification of a prior award, but instead a contrary decision, entered without showing a new development or a changed condition. The court held that once a VSSR claim becomes final, the Industrial Commission is without jurisdiction to enter a contrary decision.
 {¶ 27} In this case, the Industrial Commission dismissed the VSSR claim, and then seventy-six days after dismissal, attempted to sua sponte reinstitute the claim. In this circumstance, the Industrial Commission's order of reinstatement actually amounted to the institution of a new claim by the Industrial Commission. Pursuant to OAC 4121-3-20, the Industrial Commission cannot raise VSSR claims on its own initiative. Thus, even assuming the action to reinstate had somehow been timely, VSSR claims must be filed by a claimant, which was not done in this case. In sum, we find no authority under any of the foregoing case law, statutes, or administrative resolutions for the Industrial Commission's sua sponte revival of a VSSR claim seventy-six days after the Industrial Commission dismissed the claim.
 {¶ 28} As a result of our conclusion that the Industrial Commission's dismissal of the VSSR claim in this case was final and not subject to further *Page 16 
modification, and on this basis only, the Industrial Commission's assignments of error are overruled and the judgment of the Seneca County Court of Common Pleas is affirmed.
Judgment Affirmed.
 PRESTON, J., concurs.
 ROGERS, J., concurs in judgment only.
[1] Although Palmer Brothers named Tamara as a defendant in the complaint, Tamara did not participate in this appeal.
[2] Palmer Brothers Concrete, Inc. v. Indus. Comm. 3rd
Dist. No. 13-05-28, 2006-Ohio-1659.
[3] See Palmer Brothers Concrete, Inc. v. Indus. Comm
3rd Dist. No. 13-06-33.
[4] OAC 4121:1, et seq. contains specific safety requirements for a number of different industries. In order to allege a VSSR, a claimant must site to one of the specific requirements enumerated in this section.
[5] General Code Section 1465-86 is substantially similar to R.C.4123.52. *Page 1