STATE, EX REL. OBERLIN, RELATOR-APPELLEE, *v.* INDUSTRIAL
COMMISSION, RESPONDENT-APPELLANT.

Ohio Appeals, Tenth District, Franklin County.

No. 6455.   Decided April 25, 1961.

*Mr. William J. Ahern,* for relator-appellee.
*Mr. Mark McElroy,* attorney general, and *Mr. William G. Carpenter,* assistant attorney general, for respondent-appellant.

Duffey, P. J.  This is an appeal from the granting of a writ of mandamus against The Industrial Commission on an occupational disease claim.  A careful statement of the facts is important to the issues raised.

Appellee-claimant filed a claim based on alleged mercury poisoning arising from her employment between November, 1949 and May, 1952.  The claim was filed January 9, 1956. The Regional Board reversed the Administrator, and on August 21, 1956, entered an order allowing the claim.  The employer appealed to the Commission, and on December 31, 1956, the Commission entered an order denying the appeal.  On January 8, 1957, the employer filed a motion.  In this motion the employer stated "that in view of the excellence of the medical proof which was submitted" and that there was no right to a court review, it felt it should have a special hearing.  The motion requested that the matter be referred to the Commission "for special hearing on the Employer's application for reconsideration."  It further requested that the claim be referred to a Medical Advisory Board.  The motion further stated that it was submitted on the "proof of record."  The attorney-examiner's report on the motion refers to it as ".Motion for Hearing on Denial of Claim."

On March 25, 1957, the Commission entered an order referring the matter to a Medical Advisory Board "for consideration of the medical issues in the claim," and ordered that the Employer's motion of January 8 be granted to that extent. On May 1, the Medical Board reported that there seemed to be some evidence of exposure to and symptoms of mercury poisoning, but that no definite diagnosis was available.  It recommended:

(1) An examination by an internist.

(2) Requested a Dr. Hann to furnish information on the "original disability," and

(3) The obtaining of any additional health records from the Employer.

The file was referred to an internist, but without examing

the claimant, he reported that it would be futile for him to attempt to diagnose mercury poisoning at that time. No further report from Dr. Hann appears in the record (other than the one already in the record before the Commission at the time the appeal was denied on December 31, 1956). The Employer reported it had no further information. The Medical Board then made a second recommendation that the ''claim be disallowed.''

There is an attorney-examiner's report to the Commission reviewing the case since the second Medical Board recommendation. Interestingly enough, the examiner's report now referred to the Employer's motion as ''further consideration of appeal by the Employer.'' The examiner recommended that ''the appeal'' be granted and the claim disallowed. On March 27, 1958, the Commission revoked its order of December 31, 1956, revoked the Regional Board's order allowing the claim, granted the ''appeal'' and disallowed the claim.

The various labels which were attached to the Employer's motion are reminiscent of a ''bootstrap'' adage. An order denying an appeal by the employer is a substantive order. The Commission's power to modify or vacate it is controlled by its own rules, the statutes, and general doctrines of law. The osmosis by which a motion for a hearing on an appeal which no longer exists can become a ''further consideration'' of a non-existent appeal obviously does not add to the Commission's authority to act.

The applicable Commission rule is Rule 24. Under its provisions, if a claim is *disallowed* or compensation *denied*, a *claimant* may file for rehearing within thirty days. A *claimant* may also request a review by a Medical Board. No such rights are granted an employer. An *employer* may obtain reconsideration, review, or modification of orders of a *Board of Claims*, but not of Commission orders. The Employer's motion of January 8, 1957, did not, under the Commission's rules, provide any basis for the action taken on March 25, 1957 or March 27, 1958.

Authority for the Commission's actions must rest on Section 4123.52, Revised Code (formerly Section 1465-86, General Code). See *State, ex rel. Timken Roller Bearing Company*, v.

*Industrial Commission* (1939), 136 Ohio St., 148. The pertinent portion reads:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor."

It would seem apparent that this statute must be read in the context of the entire act and of the Anglo-American legal system. It has been so interpreted repeatedly. The leading case is probably *State, ex rel. Griffey,* v. *Industrial Commission* (1932), 125 Ohio St., 27. The syllabus stated:

"1. The continuing jurisdiction of the industrial commission, under authority of Section 1465-86, General Code, applies only to new and changed conditions occurring after an original award.

"2. An application for modification of an award can be made at any time, upon a showing of new and changed conditions after an original award, but if employed as an application for a rehearing upon an order of the commission, must be made within the time limited for such application for rehearing, viz., within thirty days after the date of the entry of such order."

In its opinion, discussing the statute, the court stated:

"This enactment could not have been intended to take away all finality to the orders and findings of the commission. Such an interpretation would render an application for rehearing a vain thing.

"An application for modification of an award cannot be made the occasion of a complete review of a claim, with the introduction of additional evidence, to determine whether the

commission was in error in making the original award. * * * The 'modification or change' under the continuing jurisdiction given by Section 1465-86, General Code, necessarily relates to *modified* and *changed conditions occurring after the original award*. It should *not* under any circumstances be employed as an attempt to introduce *additional evidence* of facts which had previously been presented to, and passed upon by, the commission." Emphasis added.

Additional background information can be obtained in *Clendenen* v. *Industrial Commission* (1942), 140 Ohio St., 414.

If *after* any final order of the Commission the claimant's physical condition, as it *existed* at the time of the order, should change, that new condition can be considered under the statute. See, for example, *State, ex rel. Weinberger* v. *Industrial Commission* (1941), 139 Ohio St., 92. New *evidence* of the physical condition at the time of the order is not, under *Griffey*, a ground for modification or vacation. We are not concerned on the record in this case with the authority of the Commission to act where there is a showing of fraud or imposition. See *State, ex rel. Kilgore,* v. *Industrial Commission* (1930), 123 Ohio St., 164.

The case of *State, ex rel. New Idea, Inc.,* v. *Blake et al.* (1945), 145 Ohio St., 209, appeared to raise some question of the authority of the Commission to act on the basis of mere new evidence of a previously determined fact without a change in condition. In that case the claimant, after an initial award, filed for additional compensation. It seems clear from the facts in the report that he allegedly contracted a new condition which did not exist at the time of the original award. That application was, therefore, clearly within the *Griffey case*. However, an order dismissing the additional claim became final on May 14, 1941. In August of 1941, the claimant asked for further consideration. At this point the facts before the Supreme Court are unclear. The order of the Commission recited that it had "other proof" on file of a condition known as "Parkinsonionism." But, it is impossible to tell whether this was the condition relied upon in the application for additional compensation or whether the Commission found that this was a condition which arose after the final order of May 14, 1941. If the former be assumed, then *New Idea* represented a very substantial broaden-

ing of the *Griffey* doctrine. If the latter be assumed, the case is a common-place application of that doctrine.

The case of *State* v. *Ohio Stove Co.* (1950), 154 Ohio St., 27, clarifies the question raised by *New Idea*. In *Ohio Stove* there was an application for an additional award based on violation of a safety requirement. An order denying the additional award became final on January 6, 1939. On March 7, 1939, the claimant filed for "reconsideration," and on December 18, 1940, the Commission vacated the earlier orders and granted an award. The stipulated facts state that this was "without the submission of new and additional proof and without the submission of additional testimony or evidence."

It must be noted that on the facts there was not only a failure to show a changed condition, but a failure to submit new evidence as well. Thus *Ohio Stove* cannot be considered as a holding on the power of the Commission where only new evidence of a previously-determined fact is submitted. However, the careful analysis in the opinion and the unequivocable syllabus supports the interpretation that *New Idea* was not intended as a departure from *Griffey*. Syllabus 3 states:

"3. Under Section 1465-86, General Code, the continuing jurisdiction of the Industrial Commission applies only to new and changed conditions subsequent to an original award, and does not extend to a review of such original award or its order denying such award, after it has become final, by a reconsideration only of the evidence on which the original order was made and without any evidence of *new or changed conditions*." (Emphasis added.)

In his opinion, Judge Matthias quoted from and reaffirmed the syllabus of *Griffey*. He quoted from the opinion in *Griffey* where that court emphatically stated that the statute "should not under any circumstances be employed as an attempt to introduce additional evidence of facts which had previously been presented to and passed upon by the Commission." He further specifically disapproved *State, ex rel. Moore*, v. *Industrial Commission*, 129 Ohio St., 195 (1935), 194 N. E., 370, insofar as it indicated a power to vacate an award without new and changed conditions subsequent to the original award. 154 Ohio St., 40. Finally, the judge discussed *New Idea*, pointing out that that case merely made it clear that there was no limitation (other

than the ten-year period) "with respect to new developments and changes in the physical condition of an injured employee," and stated that new and changed conditions were present in the *New Idea case.*

A more recent case is that of *State, ex rel. S. S. Kresge Co.,* v. *Industrial Commission of Ohio,* 157 Ohio St., 62 (1952). As with *New Idea,* the difficulty is in the facts rather than the holding. After the original award, the claimant filed for additional compensation. It is apparent that she alleged a change in her physical condition arising subsequent to the original award. The Commission denied the application, denied reconsideration, and then "dismissed" the application for rehearing. However, in this order of dismissal, the Commission *also* referred the claimant to a psychiatrist for examination and opinion "as to the nature and extent of the claimant's disability and its probable relation to the injury." 157 Ohio St., 64. The Commission, by its subsequent actions, indicated that it was considering the granting of an award, and the employer brought prohibition. The writ was refused.

. If the order of "dismissal" be considered as final, it is difficult to understand the holding. It does not appear that the claimant was alleging *another* change in her physical condition arising *after* the "dismissal" order. The medical report would seem clearly to be new evidence of the existence of the first alleged change. Under *Griffey* and *Ohio Stove,* such new evidence on a previously-determined fact is insufficient to authorize modification of a final order.

However, if this peculiar "dismissal" order be considered, as in legal effect, a continuance of the hearing on the application for rehearing (with a referral for additional evidence), then it is not a final order. The power to act could then be based on the change in the physical condition which was alleged in the application for further compensation. We believe *Kresge* must be so interpreted. To hold otherwise would (as pointed out in *Griffey*) mean that innumerable applications for further compensation, all based on the exact same alleged change in physical condition, can be filed during the ten-year period. A determination that a particular alleged change did not exist, or was not related to the original injuries, would not be capable of finality until the ten years had expired.

It might be noted that the same statute on continuing jurisdiction applies to cases for further compensation, occupational disease, and safety requirement. We do not believe the Supreme Court intended to create different interpretations of the statute depending on the type of case.

In the present case, the employer did not allege any change of condition, nor is it easy to conceive of how there could be a change of condition where the issue was as here, the existence of the original injury and its relation to employment. Nor did the *employer* submit additional evidence on the original injury. The motion is clearly a request for a hearing on the determination of the existence of the original injury based on the record available on the appeal, and which appeal had already been denied. The only new matter before the Commission after December 31, 1956, was the report of the internist and the Medical Board, neither of which the employer had a right to under Rule 24. Both of these are expressions of opinion which reflect on the sufficiency of the proof offered to support the original claim. They do not in any sense purport to rest on a changed condition arising subsequent to the order of December 31, 1956. It is very dubious whether they can even be considered as "new evidence" on the existence of the original injury. The record on the appeal contained statements by two medical experts of the employer. These statements expressed essentially the same medical opinion as that of the internist, i. e. that in 1956 and 1957 *positive* diagnosis of mercury poisoning was chemically impossible. This is also the position of the Medical Board report. Thus the new matters were merely cumulative of evidence already in the record.

It might be commented here that if the history of this particular employer's operation, and of the poisoning of fellow employees, be considered, an inference on the existence of the disease and its probably causal relation might be made even without a *positive* medical diagnosis.

The order of December 31, 1956, was final. The Commission lacked jurisdiction to refer the matter to the Medical Board under its order of March 25, 1958, and to make the order of March 27, 1958.

The judgment of the Common Pleas Court is therefore affirmed.

BRYANT and DUFFY, JJ., concur.