THE STATE, EX REL. MOORE, *v.* KELLER, ADMR.

(No. 7478—Decided March 24, 1964.)

*Mr. William G. Carpenter* and *Mr. Scott M. Knisley,* for relator.

*Mr. William B. Saxbe,* attorney general, and *Mr. Donald Colasurd,* for respondent.

BRYANT, J. This is an action for a writ of mandamus originating in this court. The petition was filed by Mable S. Moore relating that she is the widow of Lawrence W. Moore, deceased, and on July 2, 1962 was wholly dependent on him for support. She further alleges that her husband, the decedent, on or about August 30, 1955, in the usual course of his employment for Rutledge Hardware, Inc., received an injury in the course of and arising out of his employment, entitling him to file for and in fact receive benefits under the Workmen's Compensation Laws of Ohio; that Rutledge Hardware, Inc., was amenable to and complied with the provisions of the Workmen's Compensation Laws of Ohio and paid the required premiums thereunder. Relator further alleges that her husband died July 2, 1962, as a direct and proximate result of the injuries sustained August 30, 1955, and that within the time provided by law she filed an application for the payment of death benefits, which application was assigned claim number 2129120 and was considered by a deputy administor of the Bureau of Workmen's Compensation on March 13, 1963, at which time her claim was allowed.

Relator further alleges that on the date last mentioned when her claim was allowed, the following decision was rendered:

"It is the order of the administrator that the death claim be allowed; that the average weekly wage be fixed at $100.00; that the administrator finds that the decedent's widow, Mable S. Moore, was wholly dependent upon the decedent for support at the time of his death; that it is ordered that a death award be granted to the widow-claimant in the amount of $16,000.00 payable at 66 2/3% of the average weekly wage (not to exceed $49.00 per week) from the date of death; that bills for necessary medical and hospital expenses be paid as approved; that the statutory amount of $500.00 for funeral expenses be reimbursed to the widow-claimant, Mable S. Moore."

Relator further alleges that the employer, Rutledge Hardware, Inc., did not contest her claim nor has any appeal been filed by or on behalf of the employer; that the Administrator of the Bureau of Workmen's Compensation has failed and refused to cause benefits granted to her by the order of March 13, 1963, to be paid and refuses to make payment, and further that such refusal is contrary to law and constitutes a gross abuse of discretion; and that relator has no other remedy, either legal or equitable, in the usual course of the law. The petition concludes with the prayer for a peremptory writ of mandamus to compel the administrator to pay relator benefits which should have been granted her, or show cause why they should not be paid, and for such other further relief to which she may be entitled.

The answer of the administrator admits that relator is the widow of the deceased, Lawrence W. Moore, and on July 2, 1962, was solely and wholly dependent on the deceased for support; that the deceased on or about August 30, 1955, in the usual course of his employment for Rutledge Hardware, Inc., received an injury entitling him to receive benefits under the Workmen's Compensation Laws of Ohio; and that Rutledge Hardware, Inc., was amenable to and complied with the Workmen's Compensation Laws of Ohio.

The answer admits further that plaintiff filed the application for death benefits described in the petition and that proceedings were had and orders entered as alleged in the petition. The answer also admits further that the administrator failed and refused to cause the benefits granted to relator in the order of March 13, 1963, to be paid, and refuses to make payment of that award. Furthermore, the answer alleges as follows:

"Further answering, defendant avers that following the filing of an application for reconsideration of the finding of the deputy administrator made on March 13, 1963 (referred to in the petition at paragraph 4) it was vacated on August 20, 1963."

The reply of relator reads as follows:

"Now comes Mable S. Moore, plaintiff herein, and for her reply to the Answer of Elmer A. Keller, Administrator, denies the filing of any application for reconsideration as pro-

vided by law from the decision of the deputy administrator rendered March 13, 1963.''

The evidence in this case consisted of a stipulation which reads as follows:

''It is stipulated by and between counsel for the parties herein that the evidence and the sole evidence in this matter shall be the attached exhibits numbered one through eight inclusive.

''It is further stipulated by and between counsel that the attached photostatic exhibits are true and correct copies of the original documents contained in the bureau file numbered 2129120.''

Exhibit 1 is Form C-2 which is entitled ''First Notice of Death and Preliminary Application,'' one side executed by the employer and the other by the relator.

Exhibit 2 is Form C-115-B, being the notice to relator and to deceased's employer of a hearing to be held at Canton, Ohio, on March 15, 1963, the question being ''Allowance of Death Claim.'' This appears to have been prepared on March 7, 1963.

Exhibit 3 is Form C-10 entitled ''Record of Proceedings.'' It appears to have been prepared on March 13, 1963, and recites that it is the order of the administrator that the death claim be allowed; finds that relator was wholly dependent upon the decedent for support; grants the death award; fixes the amount of weekly payments; and approves the payment of necessary bills and a reimbursement to the widow for funeral expenses. This exhibit bears the following signature at the bottom thereof:

''James L. Young, Administrator
(s) Frank R. Jellison
Deputy Claims Administrator.''

It is noted that Jellison also executed the notice of hearing, being Exhibit 2. Exhibit 3 also bears an approval in the form of a stamp which, although only partially legible, appears to read as follows:

''Bureau of
Workmen's Compensation
Approved
James L. Young, Administrator
NO. 2.''

It will be observed that the death claim was allowed on March 13, 1963, notwithstanding the fact that the advance notice of hearing of such claim stated the hearing was set for March 15, 1963, and had been mailed to relator and decedent's employer.

Exhibit 4 bears the date of April 2, 1963, and is identified as Form C-137a, which appears to have been sent to the relator stating among other things, "both the claimant and the employer have the right to ask for a reconsideration of the finding made by the administrator or his deputy." This form further states that to make application for reconsideration, Form C-88 must be used and must be filed within ten days from the date "this notice of finding was received by you."

Exhibit 5 was dated April 2, 1963, and appears to be Form C-137, which is a letter of transmittal reading as follows:

"Attached is a copy of the finding of the bureau and/or commission at a hearing in the above numbered claim on the date shown."

Thus it would appear that Exhibits 5, 4 and 3 were sent to the relator and the employer on April 2, 1963.

Exhibit 6, referred to in Exhibit 5, is Form C-88 and is entitled "Application For Reconsideration." The following language appears at the top thereof:

"This application to be used by claimants or employers in making application for reconsideration of either decisions of the Administrator of the Bureau of Workmen's Compensation or the Regional Boards of Review as provided in R. C. 4123.514-515-516."

This exhibit sets forth in full the order of the administrator on March 13, 1963, allowing the death claim of relator and gives as a reason for reconsideration:

"Claim is disapproved medically; see folder. The death certificate shows that death was not due to injury."

It concludes as follows:

"He therefore requests that such finding be reviewed and reconsidered by the administrator and that it be modified in the following respects: That the claim be disallowed."

This application for reconsideration nowhere bears the signature either of relator, as claimant, or Rutledge Hardware,

Inc., as employer. The signature at the bottom of this form is as follows:

> "(s) George H. Thompson
> Per MEH (?)

> "(t) George H. Thompson
> Chief Deputy Claims Administrator
> March 29, 1963."

Exhibit 7 is Form C-115-B entitled "Notice of Hearing," apparently is signed by George H. Thompson, and notifies the parties that on April 26, 1963, a hearing will be had at which time the question will be "Application for Reconsideration Before Administrator."

Exhibit 8, the final exhibit, is Form C-10 entitled "Record of Proceedings" and disallows the claim of relator in the following language:

"Claimant's contention that the Administrator does not have jurisdiction to reconsider and review a finding of one of his deputies is overruled, case being heard further on its merits at this hearing; it is ordered that the claim be referred to the medical director for further review of the within file as to whether or not claimant's contentions that decedent's death is related on the basis of aggravation of pre-existing disability or not; when said opinion is in the file case to be returned to Mr. Thompson for further consideration."

It is dated April 26, 1963, and bears facsimile signatures only of James L. Young, Administrator, and George H. Thompson, Deputy Claims Administrator.

There is one other exhibit known as Exhibit A, Form C-11, the date of which is August 20, 1963, and it contains the following language:

"Application for reconsideration is granted and the order of March 13, 1963 is vacated; it is ordered that the death claim be disallowed for the reason that proof on file fails to show that decedent's death is due to an injury sustained in the course of and arising out of employment."

It is apparent from an examination of the exhibits that the administrator's right hand did not know what his left hand was doing; but nevertheless an order was officially made in the name of the administrator allowing relator's claim, and formal notice thereof was given relator and her decedent's employer.

Upon application to a judge of this court, an alternative writ of mandamus was issued. Thus, upon the pleadings, the stipulations and exhibits, the briefs and arguments of counsel, the matter is submitted to this court for determination.

The chief contention on behalf of relator is that Sections 4123.513, 4123.514 and 4123.515, Revised Code, govern and establish the procedure for the hearing and adjudication of claims by the Bureau of Workmen's Compensation, and that applications for reconsideration are recognized by statute and their use by the parties, to wit, claimant and employer, is authorized and that its use by one of the deputies of the administrator nowhere is authorized.

Section 4123.515, Revised Code, provides in part as follows:

"Within ten days of the date of the receipt of the decision of the administrator under this section or under Section 4123.513 of the Revised Code, the claimant or the employer may file with the administrator an application for reconsideration of the claim. In the event such reconsideration is granted the administrator shall afford both parties the right to be heard on reasonable notice and to present testimony and facts pertinent to the claim."

Whatever else that portion of the section authorizes, it nowhere refers to or mentions the administrator or any of his deputies. On the other hand, it does specifically and clearly authorize the filing of "an application for reconsideration," the exact form used here by two persons or classes of persons and two only, namely, "the claimant or the employer."

As has already been indicated, the record before us shows and it is stipulated and agreed that neither the claimant nor the employer has filed an application for reconsideration. It is also not in dispute that the employer is not disputing or contesting the allowance of this claim, although he obviously had full notice of the application as shown by Exhibit 1, which was signed by Robert A. Rutledge as president of the Rutledge Hardware, Inc., the employer.

Upon careful examination of Section 4123.515, Revised Code, it is clear that in express terms this section authorizes a "claimant or the employer" to "file with the administrator an application for reconsideration of the claim." We are unable to find any statutory authority granting this right to the

administrator and none has been cited to us. This would appear to be a proper case for the application of the Latin maxim, *"expressio unius est exclusio alterius."*

As we understand it, the fact that this statute grants to the claimant and the employer the right to file such application for reconsideration inferentially limits that right to the two parties named and forms no basis whatsoever for granting such right to any other person or official.

Quite aside from the foregoing, there would appear to be sound logical reasons why the administrator or his deputies were not given this authority. We can assume that the decision which is ultimately announced by the administrator represents his ultimate decision on all questions in the case before him as of the time the decision is mailed to and received by the claimant and the employer.

Furthermore, the administrator has complete authority to prescribe regulations that orders of subordinates shall not be final, but shall be subject to review by the administrator. Having apparently clothed a deputy with ostensible authority to issue findings and make orders in the name and style of the administrator, such action by a deputy becomes final in the absence of an application for reconsideration made by the employer or the claimant.

A careful examination of the eight stipulated exhibits together with Exhibit A is important in this case. It will be noted that Exhibit 5, which is the letter by which Exhibit 3 (order of allowance of claim) was transmitted to the widow-claimant and the employer, bears the date of April 2, 1963. If we assume that they were received by the widow-claimant on April 3, 1963, that would be the date upon which the ten-day statute of limitations provided in Section 4123.515, Revised Code, would begin to run. We quote from the relevant part of this section as follows:

"Within ten days of the date of the receipt of the decision of the administrator * * * the claimant or the employer may file with the administrator an application for reconsideration of the claim. * * *"

Thus it would appear that the time for filing such application, at least by the named parties, would begin with the day they received such decision. If we assume that such decision

was received on April 3, 1963, it would appear that the period of ten days following that date would be the only time when either one could file such application for reconsideration.

The so-called application for reconsideration before us was not filed within that period, either by the parties, the administrator or any of his deputies or employees. Instead, a paper writing purporting to be such application was filed on March 29, 1963, four days prior to the mailing of the decision to the parties to the claim.

In our opinion, such purported application for reconsideration not only was not authorized either specifically or by implication under the provisions of Section 4123.515, Revised Code, but further was not filed within the ten-day period provided in that section, a fact which further invalidates such purported application.

As heretofore noted, the claim of the widow-claimant was allowed (Exhibit 3) on March 13, 1963, and she was notified by letter (Exhibit 5) dated April 2, 1963; while on the basis of a so-called application by the administrator to himself (Exhibit 6) dated March 29, 1963, the administrator made an order (Exhibit A) dated August 20, 1963, setting aside the award.

It is the contention on behalf of the administrator that he is possessed of continuing jurisdiction over awards to the same extent as the Industrial Commission of Ohio. It apparently is also claimed that no finality attaches to decisions, orders or determinations of the administrator and that he can change them at will.

We find ourselves in disagreement with this contention, even assuming that in all respects the continuing jurisdiction of the administrator and the Industrial Commission are the same. For a review of the recent decisions as to the continuing jurisdiction of the commission over awards made by it and the limitations thereon, reference may be made to the decision of this court—opinion by Duffey, P.J., in *State, ex rel. Oberlin*, v. *Industrial Commission* (1961), 114 Ohio App., 135—in which the two paragraphs of the syllabus read as follows:

"1. The continuing jurisdiction of the Industrial Commission, under Section 4123.52, Revised Code, to modify or revoke its orders as, in its opinion, are justified, extends to a review of an order, after it has become final, only where there

is evidence of new and changed conditions arising subsequent to the order.

"2. The Industrial Commission is without jurisdiction to modify or revoke an order after it has become final, where the evidence presented in a hearing on a motion therefor is not 'evidence of new and changed conditions subsequent to the order,' but is merely cumulative of evidence already in the record."

The ground contained in the so-called application for reconsideration (Exhibit 6) reads as follows:

"Claim is disapproved medically; see folder. The death certificate shows that death was not due to injury."

Even if the so-called application for reconsideration were authorized, it seems difficult to find in the above ground anything which even hints or suggests that "there is evidence of new and changed conditions arising subsequent to the order."

From what has been set forth above, it is apparent that three separate dates apply to the administrator's order allowing the death claim of the widow. These include March 13, 1963, the date appearing in the order (Exhibit 3), and also in Exhibits 6 and A; March 15, 1963, the date of the hearing; and April 2, 1963, the date when the letter of transmittal (Exhibit 5) and the order of allowance (Exhibit 3) were mailed to the claimant and employer. Under the provisions of Section 4123.515, Revised Code, a period of ten days is allowed for the filing of an application for reconsideration, this period starting to run from "the date of the receipt of the decision of the administrator." The decision was mailed on April 2, 1963, and if we assume that it was received by the claimant on April 3, 1963, the proper period for filing such application for reconsideration would start on the last-named date and end ten days thereafter.

Obviously, the application for reconsideration was not filed during the ten-day period after April 3, 1963. Even if the dates of March 13, 1963, or March 15, 1963, which we judicially notice fell on Wednesday and Friday respectively, were the dates in the order of allowance and the date of hearing, the ten-day period from March 13, 1963, would end on March 23, 1963, which we judicially notice was on Saturday, and the ten-day period from March 15, 1963, would end on March 25, 1963, which we judicially notice was on Monday.

As previously observed, the so-called application for reconsideration in this case was not filed until March 29, 1963, and is completely outside of any ten-day period from the date of the decision, under any possible theory.

The application for reconsideration appears to rely upon the death certificate in this case. The original accident to the decedent took place on August 30, 1955 (Exhibit 1). The claim of decedent during his lifetime was approved and payments to decedent for permanent partial disability were made for a period of more than twenty months from May 22, 1957, to January 24, 1959 (Exhibit 3).

The death occurred on July 2, 1962 (Exhibit 1). The widow's claim for allowance for the death of her husband (Exhibit 1) was filed with the Bureau of Workmen's Compensation on September 4, 1962, and was set for hearing at Canton, Ohio, on March 15, 1963.

It appears most improbable that the deputy claims administrator, who heard and who allowed the claim of the widow, did so without having before him the most important document in any proceeding based upon death of a human being—the death certificate.

It is not claimed in this record that the deputy claims administrator did not have before him the decedent's death certificate. If that be the case, it would appear to be an attempt to reopen this decision not upon newly discovered evidence or upon changed conditions, but rather for a second review of the same evidence.

In our opinion the decision by Duffey, P. J., in the *Oberlin case, supra,* clearly sets forth the law applicable to the question of continuing jurisdiction and hence even if the filing of this application were authorized, it fails to state or alleged any permissible or valid ground for reconsideration.

As remarked by Duffey, P. J., in *State, ex rel. Oberlin,* v. *Industrial Commission, supra,* we are not concerned on the record in this case with the authority of the administrator to act where there is a showing of fraud or imposition, citing *State, ex rel. Kilgore,* v. *Industrial Commission* (1930), 123 Ohio St., 164. In the *Kilgore case,* Jones, J., remarks:

"* * * Had there been fraud or imposition practiced upon the commission—a quasi judicial body—in the procurement of

the award, the commission under equitable principles has the same power to vacate a decree so procured as is exercised by courts of general jurisdiction. Irrespective of any statute for vacation, such power has always been regarded as being inherent in the body whose jurisdiction has been thus befouled. But we have no such case presented by this record."

Nor does the record of the proceedings show that Frank R. Jellison was without authority to execute Exhibit 3, or that it was made by such a mistake, which might have afforded a basis for the administrator to timely revoke or vacate the order allowing the claim and give notice thereof to the claimant.

Another point should be mentioned and that involves the steps taken pursuant to the application for reconsideration. In our opinion there was a failure, at least so far as this record is concerned, of the administrator or his deputies to give notice to the parties and afford both parties the right to be heard subsequent to or after the date of the determination made with respect to the so-called reconsideration. We do not find a waiver in the record.

There remains the question as to whether relator is entitled to a writ of mandamus under the pleadings, stipulations and evidence, and under the law applicable in this case. Relator claims that a valid allowance of the claim was made, and that the steps to set aside the allowance are invalid and void and, therefore, relator is entitled to a writ of mandamus ordering respondent to perform the ministerial tasks of making the payments and reimbursement provided in the March 13, 1963, order of allowance. Respondent contends that the reconsideration and setting aside of the award were legally accomplished and that the matters objected to by relator at the most are errors and that relator has an adequate remedy by way of appeal.

In light of the total record and for the reasons above set forth, we are of the opinion that the steps taken by one of the deputies under the administrator were entirely unauthorized and illegal, that, as a result, claimant already has sustained a loss of time of more than one year, and if compelled to appeal, must wait many months more, perhaps years, and that she does not, therefore, have a remedy in the ordinary course of the law which is adequate. We, therefore, conclude that rela-

tor, for the reasons above set forth, is entitled to a writ of mandamus as prayed for in the petition.

*Writ allowed.*

FESS, P. J., and MCLAUGHLIN, J., concur.

FESS, P. J., of the Sixth Appellate District, and MCLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.