The State, ex rel. Prayner, *v.* Industrial Comm. of Ohio et al.

[Cite as State, ex rel. Prayner, v. Industrial Comm., 4 Ohio App. 2d 324.]

(No. 7502—Decided August 25, 1964.)

*Mr. Alan Meltzer,* for relator.
*Mr. William B. Saxbe,* attorney general, and *Mr. Robert M. Duncan,* for respondent Industrial Commission of Ohio.
*Messrs. Baker, Hostetler & Patterson* and *Mr. Robert G. Stinchcomb,* for respondent Hartford Fire Insurance Company.

Duffy, P. J. This is an action in mandamus filed in this court seeking a writ compelling the Industrial Commission of Ohio to vacate an order entered by it in the claim of the relator with the Industrial Commission of Ohio.

The relator was an employee of the Hartford Fire Insurance Company, a self-insuring employer. She had filed a claim with the Bureau of Workmen's Compensation, and the claim was allowed by the administrator. The employer, the Hartford Fire Insurance Company, took an appeal to the Cleveland Regional Board of Review which, after a hearing, affirmed the decision of the administrator. The employer then appealed the decision of the regional board to the Industrial Commission of Ohio.

The Industrial Commission, at a hearing on July 11, 1963, entered an order rejecting the appeal of the employer. The employer then sought reconsideration of the appeal by the members of the Industrial Commission because they had failed to consider a request made by the employer while the claim was

pending before the Administrator of the Bureau of Workmen's Compensation. This request of the employer sought to have the claimant (relator) declared a handicapped employee under the Workmen's Compensation Act. Counsel for the employer had been advised that the commission would consider this request when the claim reached its level in the administrative process.

When the commission refused to hear the appeal from the regional board and did not consider the request that claimant be declared a handicapped employee, counsel for the employer, at a discussion with the then present members of the Industrial Commission, brought to their attention the previous request as to a declaration that claimant was a handicapped employee, and advised them that the former members of the commission had indicated to him that they would consider the request when the claim reached them.

The commission then issued an order on July 19, 1963, vacating the order of July 11, 1963, and ordered the claim set for hearing on the employer's appeal. A hearing was had before the commission on August 29, 1963, at which time the commission continued the hearing to provide an opportunity for the parties to discuss settlement. On September 16, 1963, notices were sent by the commission to the parties for a hearing to be held on September 30, 1963. The relator then filed this action in this court on September 25, 1963.

Under the workmen's compensation laws of Ohio, where the Industrial Commission refuses to consider the appeal of a party from the decision of a regional board, the decision of the regional board is considered to be the decision of the commission, and the appeal must be taken from the decision of the regional board from which the commission has refused to permit an appeal, but as of the date of the refusal by the commission. See Sections 4123.516 and 4123.519 of the Revised Code. See, also, *Parker* v. *Young, Admr.*, 172 Ohio St. 464, *Starr* v. *Young, Admr.*, 172 Ohio St. 317, and *Gordon* v. *Young, Admr.*, 113 Ohio App. 81.

It is clear that the employer's time to appeal in this claim commenced upon the receipt of the notice which was mailed to it by the Industrial Commission on July 11, 1963, and that the appeal had to be taken, not from the order of the Industrial

Commission refusing the appeal, but rather from the order of the regional board entered on May 24, 1963.

It is the relator's contention that the Industrial Commission did not have the power to enter the order of July 19, 1963, and that the order of the regional board had already become the order of the commission. The relator contends that there is no authority for the modifying, setting aside, or vacating of any order of the Industrial Commission in the absence of material change of circumstances or the discovery of newly-discovered evidence which with diligence could not have previously been discovered, and cites the case decided by this court of *State, ex rel. Oberlin,* v. *Industrial Commission,* 114 Ohio App. 135.

The Industrial Commission contends that it has continuing jurisdiction over its orders until an appeal is taken to the court, and that it can make any change or correction in the orders prior to the 60-day period in the absence of an appeal as in this case. (Section 4123.52, Revised Code.)

While the case has not been cited, we are of the opinion that *Diltz* v. *Crouch, Dir.,* 173 Ohio St. 367, controls this situation, and the board has control over its own orders until the actual institution of an appeal or the expiration of the time for an appeal. Our opinion in the case of *State, ex rel. Oberlin, supra,* is consistent with this holding. In that case, an occupational disease claim was involved and the decision of the Industrial Commission became final upon entry of the order itself, as the law does not give a right of appeal to the courts in an occupational disease claim. *Szekely* v. *Young, Admr.,* 174 Ohio St. 213.

The writ of mandamus is denied.

*Writ denied.*

BRYANT and TROOP, JJ., concur.