[This opinion has been published in *Ohio Official Reports* at 69 Ohio St.3d 566.]

THE STATE EX REL. SMOTHERS, APPELLANT, *v*. MIHM, ADMR., ET AL.,

APPELLEES.

[Cite as *State ex rel. Smothers v. Mihm*, 1994-Ohio-76.]

*Workers' compensation—Industrial Commission abuses its discretion in ordering claimant previously found to be permanently and totally disabled to submit to further medical evaluation, when.*

(No. 93-895—Submitted April 19, 1994—Decided July 13, 1994.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-981.

_____

{¶ 1} In 1987, appellant-claimant, William M. Smothers, was granted permanent and total disability compensation as a result of injuries sustained in the course of and arising from his employment with appellee Roadway Express, Inc., his self-insured employer. Two and one-half years later, Roadway notified claimant's counsel that it had scheduled claimant for two medical examinations related to his allowed conditions.

{¶ 2} Being unable to locate claimant, Roadway moved appellee Industrial Commission of Ohio to suspend claimant's permanent total disability compensation until claimant submitted to examination. A commission district hearing officer ruled that he lacked jurisdiction to either suspend claimant's compensation or order claimant to appear for a medical examination. The regional board of review modified the decision, holding that the hearing officer did have jurisdiction to order claimant to be medically examined and the board so ordered. Staff hearing officers of the commission affirmed the board of review.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that because he had already been found permanently and totally disabled, the commission abused its discretion in ordering him to submit to

further medical evaluation. The appellate court denied the writ, reasoning that R.C. 4123.53 allowed the commission to order a medical examination at any time.

{¶ 4} This cause is now before this court upon an appeal as of right.

_____

*Kondritzer, Gold, Frank & Crowley Co., L.P.A*, and *Lane N. Cohen*, for appellant.

*Lee I. Fisher*, Attorney General, and *Jetta Mencer*, Assistant Attorney General, for appellees Industrial Commission and Administrator Patrick G. Mihm.

*Taft, Stettinus & Hollister* and *Charles M. Stephan*, for appellee Roadway Express, Inc.

_____

***Per Curiam.***

{¶ 5} Claimant has already been found to be permanently and totally disabled. Once this determination has been made, "the employee shall receive an award to continue *until his death*." (Emphasis added.) R.C. 4123.58(A). The lifetime nature of the award negates the need for continuing medical proof on claimant's behalf.

{¶ 6} The character of a permanent total disability award does not, however, mean that the award is completely immune from later review. If, for example, the commission learns that the claimant is working or engaging in activity inconsistent with his permanent total disability status, the commission can use its continuing jurisdiction under R.C. 4123.52 to reopen the matter. Similarly, if new medical technology reversed a claimant's allowed condition, reconsideration of his or her award may be appropriate.

{¶ 7} What is common to these examples is the emergence of a new circumstance—a change since the initial award that merits reexamination of the earlier decision. The existence of new and changed circumstances can trigger the commission's exercise of continuing jurisdiction. *State ex rel. Cuyahoga Hts. Local*

*School Dist. Bd. of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O. 3d 128, 388 N.E.2d 1383.

{¶ 8} No allegation of new and changed circumstances has been made here. Moreover, while R.C. 4123.53 does empower the commission to order a medical examination at any time, that provision cannot be applied in this instance unless the commission first had the continuing jurisdiction to reopen the issue of claimant's permanent total disability. The commission did not have such jurisdiction here.

{¶ 9} Roadway contends that because it has not formally asked the commission to reconsider claimant's permanent total disability award, the commission's order did not involve a reopening of the permanent total disability issue. We disagree. Claimant was awarded lifetime permanent total disability benefits and, thus, any medical examination going to the question of extent of disability inherently reopens the permanent total disability issue.

{¶ 10} Roadway's assertion that the commission retains continuing jurisdiction so long as the claim has not been barred by R.C. 4123.52's statutes of limitations fails. Under Roadway's theory, the mere fact that the claim was still active would provide the only justification necessary for commission intervention. This result, however, conflicts with our many decisions imposing substantive prerequisites on the exercise of the commission's continuing jurisdiction. See, *e.g.*, *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345; *State ex rel. Griffey v. Indus. Comm.* (1932), 125 Ohio St. 27, 11 Ohio Law Abs. 448, 180 N.E. 376; *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St. 2d 159, 16 O.O. 3d 174, 404 N.E.2d 149; *State ex rel. Gatlin v. Yellow Freight Sys., Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487; *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379; *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 556 N.E.2d 168; *State ex rel. B&C Machine Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 538, 605 N.E.2d 372.

**{¶ 11}** Absent a showing of any of the substantive prerequisites to R.C. 4123.52's invocation, we find that the commission had no continuing jurisdiction to order further medical examination. Accordingly, the appellate court's judgment is reversed and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____