[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 680.]

THE STATE EX REL. DRUGGAN, APPELLANT AND CROSS-APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE; KINNEAR DIVISION, HARSCO
CORPORATION, APPELLEE AND CROSS-APPELLANT.

[Cite as *State ex rel. Druggan v. Indus. Comm*., 1999-Ohio-335.]

*Workers' compensation—Industrial Commission does not abuse its discretion in ordering claimant to submit to a medical examination on the issue of ongoing transcutaneous electrical nerve stimulation treatment, when.*

(No. 96-2395—Submitted March 9, 1999—Decided June 23, 1999.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Franklin County, No. 95APD08-1023.

———————————

{¶ 1} In 1986, appellant-claimant, Harold W. Druggan, injured his low back in the course of and arising from his employment with appellee Kinnear Division, Harsco Corporation. In 1992, Harsco, as a self-insured employer, authorized treatment by a transcutaneous electrical nerve stimulation ("TENS") unit. The next year, claimant was found to be permanently and totally disabled. Harsco challenged that decision in mandamus. See *State ex rel. Kinnear Div., Harsco Corp. v. Indus. Comm.* (1997), 77 Ohio St.3d 258, 673 N.E.2d 1290, hereinafter referred to as "*Harsco I.*"

{¶ 2} Sometime in 1994, Harsco questioned the continuing appropriateness of TENS treatment. This inquiry was based on (1) an article in the New England Journal of Medicine[1] that questioned the value of TENS units, and (2) what Harsco

———————————

1. Deyo, Walsh, Martin, Schoenfeld & Ramamurthy, A Controlled Trial of Transcutaneous Electrical Nerve Stimulation (TENS) and Exercise for Chronic Low Back Pain (1990), 322 New England J. of Medicine 1627.

considered to be nonresponsive answers from claimant's attending physician on continued TENS use.

**{¶ 3}** After protracted administrative proceedings, a staff hearing officer for appellee Industrial Commission of Ohio ruled on May 17, 1995 that Harsco had the right to examine claimant on the issue of continued necessity for TENS treatment. The order did not indicate whether the matter was to be reset for hearing after the medical examination took place. Claimant responded with a complaint in mandamus in the Court of Appeals for Franklin County, challenging Harsco's right to an examination. Harsco filed a cross-complaint, challenging the commission's right to limit the exam to the necessity for TENS. The court denied both writs, and the parties have appealed and cross-appealed to this court as of right.

**{¶ 4}** Before the completion of briefing in this case, we decided *Harsco I.* In that case, we ordered the commission to vacate the award of benefits for permanent total disability, after finding that the commission had ignored certain vocational evidence and had not addressed the issue of claimant's retirement.

———————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant and cross-appellee.

*Betty D. Montgomery*, Attorney General, and *Michael A. Vanderhorst*, Assistant Attorney General, for appellee.

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter*, for appellee and cross-appellant.

———————————

**Per Curiam.**

**{¶ 5}** One question is before us: Did the commission abuse its discretion in ordering claimant to submit to a medical examination on the issue of ongoing TENS treatment? Upon review, we find that it did not.

**{¶ 6}** R.C. 4123.651(A) states:

"The employer of a claimant who is injured or disabled in the course of his employment may require, without the approval of the administrator or the industrial commission, that the claimant be examined by a physician of the employer's choice one time upon any issue asserted by the employee or a physician of the employee's choice or which is to be considered by the commission. Any further requests for medical examination shall be made by the commission which shall consider and rule on the request."

{¶ 7} Former Ohio Adm.Code 4121-3-09(B)(3) also provided:

"The bureau, board or commission may, at *any* point in the processing of an application for benefits, require the employee to submit to a physical examination * * *." (Emphasis added.) 1986-1987 Ohio Monthly Record 915; see current Ohio Adm.Code 4121-3-09(A)(4) (substantively the same).

{¶ 8} These provisions present a formidable obstacle to any successful allegation of an abuse of discretion by the commission—an obstacle that claimant does not overcome.

{¶ 9} Claimant initially decries the examination as inappropriate, since Harsco had previously authorized the TENS unit. Authorization of treatment, however, does not confer a right to treatment forever. Treatments can lose their effectiveness over time, and some treatment can actually be dangerous if prolonged. Oversight is, therefore, crucial and supports Harsco's present inquiry. Harsco's 1992 TENS authorization should not preclude inquiry in 1994, particularly given the supporting evidence Harsco submitted.

{¶ 10} Claimant also argues that the May 17, 1995 staff hearing officer's failure to order a post-exam hearing equates to an implicit decision to permit further TENS use, negating the need for an exam. This logic fails. A presumption of regularity accompanies commission orders. *State ex rel. Rouch v. Eagle Tool & Machine Co.* (1986), 26 Ohio St.3d 197, 26 OBR 289, 498 N.E.2d 464. Therefore,

it must be assumed that the commission would not have ordered the examination unless it questioned the need for continued treatment.

{¶ 11} Claimant next asserts that his permanent total disability forecloses any further evaluation. However, permanent total disability does not immunize claimant from further examination. *State ex rel. Smothers v. Mihm* (1994), 69 Ohio St.3d 566, 634 N.E.2d 1017, on which claimant relies, says only that a permanent total disability claimant cannot be re-examined *on permanent total disability* absent new and changed circumstances. It did not prohibit a first-time examination on an issue unrelated to permanent total disability.

{¶ 12} Claimant last maintains that examination was inappropriate because it was going to exceed the scope of determining the need for TENS. This is pure speculation, since claimant never attended the exam. Moreover, it assumes Harsco's disregard of a specific staff hearing officer order limiting the exam to TENS use. Claimant's fears, therefore, are baseless.

{¶ 13} For all of these reasons, we affirm the court of appeals' judgment and find that the commission did not abuse its discretion in ordering an exam.

{¶ 14} Turning to Harsco's cross-appeal, Harsco opposes the commission's decision to limit the examination to TENS use only. However, the May 17, 1995 hearing transcript reveals that Harsco specifically agreed to that limitation. Therefore, as the court of appeals observed, Harsco "cannot complain that the order was too narrowly drafted."

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————