MEMORANDUM DECISION
In 1975, relator, Morris Ellis, severely fractured the bones in his right hand while employed by respondent Kenner Products ("Kenner"). Following his injury, relator underwent several surgical procedures, extensive physical therapy, and long-term chiropractic treatment. Unfortunately, relator was unable to regain the use of his hand and was ultimately awarded permanent total disability ("PTD") compensation.
Following his injury, relator continued chiropractic treatment until June 1997, when he was examined by Dr. Jose Chavez at the behest of Kenner Products. Dr. Chavez concluded that relator's condition had reached maximum medical improvement and would not significantly improve with further chiropractic treatment. After receiving the report prepared by Dr. Chavez, Kenner notified relator that it would no longer authorize chiropractic treatment. Thereafter, relator filed a motion with respondent Industrial Commission of Ohio ("commission") asking the commission to order two chiropractic visits per month. The commission ultimately approved relator's request for treatment, but only for one session a month.
On October 13, 1998, relator filed this original action asking that this court issue a writ of mandamus directing the commission to vacate its order approving chiropractic treatment on a monthly basis, and to issue an amended order approving treatment on a bi-monthly basis. On October 28, 1998, relator's complaint was referred to a magistrate of this court, pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, who later rendered a decision and recommendation which included comprehensive findings of fact and conclusions of law. Specifically, the magistrate analyzed the record and briefs of the parties and concluded that this court should return this matter to the commission, as the commission failed to set forth the basis or reasoning behind its conclusion that relator would be able to administer massage and/or manipulation treatments on his own. Thus, the magistrate found the commission's order fails to comply with the requirements set forth in State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, and State ex rel. Mitchell v. Robbins Myers, Inc.
(1983), 6 Ohio St.3d 481. This matter is now before the court upon relator's objection to the magistrate's decision.
Relator objects to the magistrate's recommendation, arguing that the commission lacked jurisdiction to adjust the allowance of medical treatment. As such, relator argues that a full writ is appropriate under R.C.4123.52. In support of his proposition, relator maintains that "new and changed" conditions must be present in order to invoke the continuing jurisdiction of the commission. See State ex rel. Griffey v. Indus. Comm.
(1952), 125 Ohio St. 27.
Having conducted an independent review, we believe that the magistrate correctly concluded that a limited writ of mandamus returning this matter to the commission is warranted. As recently noted by the Ohio Supreme Court, the authorization of treatment does not confer a right to treatment forever.State ex rel. Druggan v. Indus. Comm. (1999), 85 Ohio St.3d 680, 682. InDruggan, the Supreme Court explained:
 Claimant next asserts that his permanent total disability forecloses any further evaluation. However, permanent total disability does not immunize claimant from further examination. State ex rel. Smothers v. Mihm (1994), 69 Ohio St.3d 566, 634 N.E.2d 1017, on which claimant relies, says only that a permanent total disability claimant cannot be re-examined on permanent total disability absent new and changed circumstances. It did not prohibit a first-time examination on an issue unrelated to permanent total disability. [Id. at 682-683; emphasis sic.]
Relator's objection to the contrary, we concur with the magistrate that a limited writ of mandamus returning this matter to the commission for further clarification is warranted. Accordingly, we overrule relator's objection and hereby adopt the magistrate's May 14, 1999 decision as our own, including the findings of fact and conclusions of law contained therein.
Objection overruled; limited writ granted.
TYACK and BRYANT, JJ., concur.